### LaRUE v TAYLOR et

Common Pleas Court, Trumbull Co

No 42849. Decided July 19, 1938

Paul Reagan, prosecuting attorney, and W. M. McLain, assistant prosecuting attorney of Warren, for county treasurer.

Hoppe, Lea, Day & Ford, Warren, for amicus curiae.

Harrington, Huxley & Smith, Youngstown, for Ohio Edison Company.

### OPINION

By McVICKER, J.

This matter came on to be heard on the application of plaintiff, Walter La-

278

Rue, county treasurer of Trumbull County, for a decree of foreclosure of tax lien and order of sale of the property described in the petition free from any rights of defendant, The Ohio Edison Company by reason of an easement of right of way across said land.

The plaintiff is entitled to a decree of foreclosure and the only question involved is whether the land should be ordered sold free of the easement of The Ohio Edison Company or subject to such easement.

Sec. 5713 GC, provides that the state shall have a first and best lien on lands for the amount of taxes, assessments, penalty and accrued interest. Is the interest of The Ohio Edison Company a lien on the land and thereby subject to the first and best lien of the state for taxes, or does its right or interest in the land assume the status of an estate distinguished from the fee simple estate not subject to be sold for taxes due on the fee simple estate?

The owner of the fee simple estate under date of May 19, 1928, executed and delivered to H. F. Ferguson a good and sufficient right of way grant, providing for the erection, operation and maintenance of lines for the transmission of electric energy including towers, poles, wires and other necessary appliances through the property located in Sec. 13, Liberty township, Trumbull county, the same property described in plaintiff's petition; said right of way grant extended from Belmont avenue extension along lines of the old Cleveland and Mahoning Valley Railway right of way through said property to the Churchill Girard road; that thereafter, by good and sufficient delivery of title, the defendant, The Ohio Edison Company, acquired all right, title and interest of said H. F. Ferguson in said right of way grant and the same was duly recorded on the 21st day of June, 1928, in Vol. 20 page 18 Trumbull county records of right of way grants.

The court is of the opinion that the interest of The Ohio Edison Company in the land described is █ that of a separate estate carved out of the fee simple estate and differs from a lien upon the land. The estate owned by The Ohio Edison Company constitutes land and is taxable as such under the provisions of §5446 GC. The court assumes that the taxing authorities have assessed taxes against the right of way owned by The Ohio Edison Company and that such taxes have been paid as alleged in the amended answer. To permit the interest in the land conveyed to The Ohio Edison Company to be sold to pay the taxes accrued against the fee simple estate would constitute a taking of property without due process of law. To require The Ohio Edison Company to pay taxes assessed against the fee simple estate would constitute double taxation.

The court believes that the tax valuation of the fee simple estate should have been, and probably was, determined in view of the creation of the easement granted to The Ohio Edison Company. The creation of the easement may have increased or decreased the value of the servient estate. This is not true of course regarding a lien upon land. The land is assessed regardless of liens. In any event, the dominant estate was separately taxed, as real estate, owned by The Ohio Edison Company. It is essential that the property sought to be sold to satisfy the lien for delinquent taxes be the same land assessed.

Under §5713 GC, a tax sale invests the purchaser with the title █ that the owner of the property had free from liens by way of incumbrances placed thereon, but does not free the property in the hand of such purchasers from a servitude or easement acquired over it by others, prior to the levy of the tax for which the property is sold.

For the reasons stated the court will approve a journal decreeing a foreclosure of the tax lien and ordering the property sold subject to the easement owned by The Ohio Edison Company.